FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2025 AUG 12 AM 11:40

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Family of JESSEN-PINSON Trust
96 Perry Park Avenue, #206
Larkspur. Colorado. 80118-9998.
Grantors Office

Pro Per Sui Juris

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TODD ERLING JESSEN,<br>APRIL KATHARINE JESSEN,<br>Plaintiffs,<br><br><br>v.<br><br><br>ENT CREDIT UNION,<br>SARA MCKINNEY, Registered Agent for<br>Ent Credit Union,<br>DAN LECLERC, Chief Financial Officer of<br>Ent Credit Union,<br>Defendants. | Case No. _____<br><br>Complaint: Federal question jurisdiction pursuant to 28 U.S.C. § 1331 for Trespass - Negligence and False Claims of personal property under Truth-in-Lending Act<br><br><br><br>**Date: August 12, 2025** |

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. **COMES NOW**, Plaintiffs Todd Erling Jessen and April Katharine Jessen, bring this civil action under federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Complaint challenges the unlawful encroachment and attempted unjust taking of private land by Defendants Ent Credit Union, Dan Leclerc (serving as Chief Financial Officer), and Sara

McKinney (serving as Registered Agent of record), in violation of the United States Constitution.

2. Defendants, acting without lawful authority, have engaged in conduct that constitutes a de facto taking of private property absent congressional consent, lawful federal jurisdiction, or just compensation, in violation of Article I, Section 8, Clause 17 and the Fifth Amendment. No valid act of cession, consideration, or acquisition for public use has been executed to support such governmental or quasi-governmental intrusion. Plaintiffs seek declaratory and injunctive relief to prevent further violation of their constitutionally protected property rights.

## II. JURISDICTION & VENUE

3. Jurisdiction is proper pursuant to **28 U.S.C. § 1331** as this action arises under question of federal statutes including the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq.; and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

4. This Court has supplemental jurisdiction under **28 U.S.C. § 1367** over related state law claims for clouded title.

5. Venue is proper in this District under **28 U.S.C. § 1391(b)(2)** because the property at issue is located in Douglas County, Colorado, and the events giving rise to these claims occurred in this District.

## III. PARTIES

6. Plaintiff Todd Erling Jessen is a natural person residing at 1867 Senecio Drive, Larkspur, Colorado. *(Exhibit 2)*

7. Plaintiff April Katharine Jessen (formerly April Katharine Pinson) is a natural person residing at the same address. *(Exhibit 1)*

8. Defendant Ent Credit Union is a Colorado-chartered credit union headquartered in Colorado Springs, CO, insured by the National Credit Union Share Insurance Fund (NCUSIF).

9. Defendant Sara McKinney is the Registered Agent of Ent Credit Union.

10. Defendant Dan Leclerc is the Chief Financial Officer of Ent Credit Union.

## IV. FACTUAL ALLEGATIONS

A. Loan Origination and Statutory Eligibility

11. On or about March 24, 2025, Defendants originated a mortgage loan secured by a deed of trust recorded against Plaintiffs' home at 1867 Senecio Drive, Larkspur, Colorado. *(Exhibits 3 & 4)*

12. Plaintiffs allege Defendants failed to confirm borrower eligibility as required by the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1922, which authorizes loans only to qualifying individuals engaged in agriculture or specified legal entities.

13. Plaintiffs were not a qualifying legal entity or statutory borrower under § 1922, yet Defendants processed the loan as if eligible.

B. Lack of Lending Authority

14. Plaintiffs allege Defendants acted outside the scope of authority defined in Federal Reserve Regulation D, 12 C.F.R. Part 204, and 12 U.S.C. § 24 (Seventh), which limit lending activities to duly authorized depository institutions.

15. Plaintiffs contend Ent Credit Union did not produce documentation of statutory lending authority under 12 U.S.C. § 24, § 1813, or § 1430(a) when requested.

C. TILA and RESPA Violations

16. Defendants failed to provide disclosures mandated by 15 U.S.C. § 1638(a), including a written itemization of the amount financed, despite Plaintiffs' affirmative request.

17. Defendants failed to comply with 12 U.S.C. § 2605(b) by omitting proper notice of servicing transfers.

18. Plaintiffs allege Defendants violated 12 U.S.C. § 2607 by engaging in undisclosed fee arrangements related to the transaction.

D. Securitization and Standing

19. Plaintiffs' forensic audit *(Exhibit 5)* shows the note was sold into the Fannie Mae REMIC Trust 2022-25, Tranche Z, SUP, Class Z, CUSIP #313BNYG5.

20. Under *Thompson v. Hubbard*, 131 U.S. 123 (1889), a party without a valid interest in the note cannot lawfully claim or enforce rights under the security instrument.

E. Clouded Title and FDCPA Violations

21. Defendants recorded and maintain a deed of trust against Plaintiffs' home despite lacking statutory authority to originate or enforce the debt, creating a cloud on title. *(Exhibit 6)*

22. Defendants acted as "debt collectors" under 15 U.S.C. § 1692a(6) by attempting to collect a debt they did not own or have authority to enforce.

23. Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, and legal status of the alleged debt in communications with Plaintiffs.

F. Damages

*24.* As a direct result of Defendants' conduct, Plaintiffs have suffered economic losses, emotional distress, legal expenses, and impairment of title to their property. *(Exhibits 7-9)*

## V. CLAIMS FOR RELIEF

Count 1 – Violation of Truth in Lending Act (15 U.S.C. § 1601 et seq.)

25. Plaintiffs incorporate paragraphs 1–24.

26. Defendants failed to provide material disclosures required under § 1638(a), entitling Plaintiffs to statutory damages under 15 U.S.C. § 1640(a).

Count 2 – Violation of Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.)

27. Plaintiffs incorporate paragraphs 1–24.

28. Defendants violated 12 U.S.C. § 2605(b) by failing to provide proper notice of servicing transfer, and § 2607 by accepting prohibited fees, subjecting them to liability under § 2605(f) and § 2607(d).

Count 3 – Violation of Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

29. Plaintiffs incorporate paragraphs 1–24.

30. Defendants' collection-related communications contained false representations of the debt's character and legal status, in violation of § 1692e.

Count 4 – Clouded Title

31. Plaintiffs incorporate paragraphs 1–24.

32. Defendants wrongfully recorded and maintain a deed of trust without lawful authority, impairing Plaintiffs' title and marketability of their property.

## VI. Prayer For Relief

WHEREFORE, Plaintiffs request:

a)  Immediate release of Deed of Trust as recorded in Douglas County, Colorado under Reference #2022022830

b)  Cease all collection and foreclosure activities

c)  Compensatory damages of $500,000 and punitive damages as described in the True Bill attached. [See Exhibit 10]

d) Full GAAP-based fiduciary accounting of all transactions and ledger entries relating to original note, pooling and servicing, and post-sale revenue chains.

e) Recall of all receivables, securities, rents, proceeds, and interest related to original consumer credit transaction

f) Remove and cease and desist all negative reporting from all credit reporting agencies to include back dated to January 2025.

**EXHIBITS ATTACHED**

Exhibits hereto attached are exact copies of the original documents

Exhibit 1:  Adult name change order April Katharine Pinson

Exhibit 2:  Adult name change order Todd Erling Jessen

Exhibit 3:  Copy of original Note

Exhibit 4:  Mortgage

Exhibit 5:  Forensic Audit of the Security Instrument showing Ent sold the note

Exhibit 6:  Complete Chain of Title for property to Original Land Grant

Exhibit 7:  Due Process of Equitable Subrogation

Exhibit 8:  Negotiable Instrument to Ent for full Accord and Satisfaction

Exhibit 9:  Notice of Claim and Claim of Damages for Trespass with related Due Process

Exhibit 10:  True Bill of damages

**Executed in good faith on this 12ᵗʰ day of August, 2025**

/s/ Todd Erling Jessen

Todd Erling Jessen

/s/ April Katharine Jessen

April Katharine Jessen

1867 Senecio Drive

Larkspur, Colorado 80118

(832) 341-6363

toddjessen@gmail.com