IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02508-SKC-TPO

TODD ERLING JESSEN and
APRIL KATHARINE JESSEN,

    Plaintiffs,

v.

ENT CREDIT UNION,
SARA MCKINNEY, Registered Agent for Ent Credit Union, and
DAN LECLERC, Chief Financial Officer of Ent Credit Union,

    Defendants.

---

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

    Defendants Ent Credit Union, Sara McKinney, Registered Agent for Ent Credit Union, and Dan Leclerc, Chief Financial Officer of Ent Credit Union (collectively, "ENT"), respectfully submit their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and in support thereof state as follows:

**Certification Pursuant to D.C. Colo.LCivR 7.1**

    Undersigned counsel conferred with Plaintiffs, who are proceeding pro se, via telephone regarding the relief requested in this Motion. Plaintiffs oppose the relief requested herein and declined to voluntarily withdraw the claims at issue in this Motion.

**I.    INTRODUCTION**

    This action arises from a residential mortgage loan originated by ENT for Plaintiffs Todd and April Jessen in March 2025 to finance their home purchase in Larkspur, Colorado. The Jessens

1

executed a Promissory Note and Deed of Trust in ENT's favor, but now seek to invalidate that valid and enforceable transaction through a series of legally unsupported claims.

Each of the Jessens' causes of action fails as a matter of law. Their TILA and RESPA claims identify no specific disclosure error, servicing transfer, or prohibited fee. Their FDCPA claim cannot stand because ENT was the originating creditor, not a "debt collector." Their assertion that ENT lacked authority to originate the loan misreads inapplicable federal banking and agricultural statutes, while their "clouded title" and securitization theories have been repeatedly rejected by courts, including the Tenth Circuit. The Complaint also names ENT's registered agent and chief financial officer, yet pleads no facts connecting either individual to any alleged misconduct.

Because the Jessens' claims rest entirely on misinterpretations of law and conclusory allegations unsupported by fact, the Complaint fails to state any claim upon which relief can be granted. ENT therefore moves to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   STATEMENT OF UNDISPUTED FACTS

1. On or about March 24, 2025, Plaintiffs Todd and April Jessen (the "Jessens" or "Plaintiffs") executed a Promissory Note and Deed of Trust in favor of ENT (collectively, the "Loan Documents") to finance the purchase of their home located at 1867 Senecio Drive, Larkspur, Colorado. *See* Complaint ¶ 11; **Exhibit A** (Promissory Note); Exhibit 4 (Deed of Trust).

2. ENT originated and serviced their loan. Complaint, ¶ 11.

3. The Promissory Note identifies ENT as the originating lender. *See* **Exhibit A**.

4. The Deed of Trust identifies the Jessens as the borrowers and ENT as the beneficiary. *See* Exhibit 4.

5. The Jessens' claims arise solely from this loan transaction and the corresponding Loan Documents. *See* Complaint.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976). In reviewing a motion to dismiss, the court must "look for plausibility in the complaint." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Rule 12(b)(6), conclusory statements are disregarded. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### IV. ARGUMENT

**A. The Jessens' First Claim for Relief for violation of the Truth in Lending Act (TILA) should be dismissed because they fail to identify any specific disclosure violation that gives rise to statutory liability.**

The Jessens allege that ENT "failed to provide disclosures mandated by 15 U.S.C. § 1638(a), including a written itemization of the amount financed," and that this omission entitles them to statutory damages. Complaint ¶¶ 16, 26. These conclusory statements fail to state a claim.

Section 1638(a) requires creditors to disclose key credit terms—such as the amount financed, finance charge, APR, total of payments, and payment schedule—before consummation

3

of a loan. Subparagraph (a)(2)(B) additionally requires a written itemization of the amount financed only if the borrower affirmatively requests it.

The Complaint does not allege that ENT failed to provide the standard TILA disclosures, that any credit term was inaccurate or omitted, or that the Jessens ever made a documented request for an itemization that ENT ignored. Absent specific factual allegations identifying which disclosure was withheld and when, the claim consists only of boilerplate statutory recitations, which are insufficient under Rule 8.

Because the Jessens plead no facts showing a plausible violation of § 1638(a), their TILA claim fails as a matter of law and should be dismissed under Rule 12(b)(6).

   B. **The Second Claim for Relief alleging violations of the Real Estate Settlement Procedures Act (RESPA) fails because the Jessens allege no servicing transfer, no prohibited fee, and no damages.**

The Jessens allege that ENT violated RESPA by "failing to provide proper notice of servicing transfer" under § 2605(b) and "accepting prohibited fees" under § 2607. Complaint ¶¶ 17, 28. These conclusory statements identify no actionable conduct.

Section 2605(b) requires written notice only when loan servicing is assigned or transferred. The Complaint alleges no transfer of servicing, no date of any such event, and no omission of notice. Because ENT originated and serviced its own loan, no § 2605(b) obligation was ever triggered.

The § 2607 allegation likewise fails. That provision prohibits kickbacks or referral fees in connection with settlement services, but the Jessens identify no third-party referral, no payment to or from ENT, and no inflated charge.

Finally, the Complaint alleges no actual damages as required by § 2605(f). Statutory damages are available only upon a "pattern or practice" of noncompliance, which the Jessens do not allege.

Because the pleading identifies no servicing transfer, prohibited fee, or resulting harm, the RESPA claim fails as a matter of law and should be dismissed under Rule 12(b)(6).

**C. The Jessens' Third Claim for Relief under the Fair Debt Collection Practices Act (FDCPA) should be dismissed because ENT is a creditor, not a debt collector.**

In their Complaint, the Jessens allege that ENT violated the FDCPA, 15 U.S.C. § 1692 *et seq.*, by acting as a "debt collector" in connection with their mortgage loan. *See* Complaint ¶ 22. They further allege that ENT's "collection-related communications contained false representations of the debt's character and legal status, in violation of § 1692e," and that ENT "misrepresent[ed] the character, amount, and legal status of the alleged debt" in violation of § 1692e(2)(A). Complaint, ¶¶ 23, 30.

Those assertions do not state a claim—and, more importantly, they are contradicted by the Jessens' own pleading. The Complaint expressly alleges that "on or about March 24, 2025, Defendants originated a mortgage loan secured by a deed of trust recorded against the Jessens' home at 1867 Senecio Drive, Larkspur, Colorado." Complaint ¶ 11. By their own allegations and exhibits, ENT was the originating lender on the loan. The Promissory Note, attached hereto as **Exhibit A[1]**, confirms that the loan was originated by ENT. The Court may properly consider such documents "referred to in the complaint if the documents are central to the plaintiff's claim and

---

[1] The version of the Promissory Note attached to the Complaint as Exhibit 3 is an unsigned version.

5

the parties do not dispute the documents' authenticity." *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).

As a matter of statutory definition, the FDCPA regulates "debt collectors," i.e., persons who collect debts owed to another, not creditors collecting their own debts. *See* 15 U.S.C. § 1692a(6). The statute also excludes loan servicers when the loan was not in default at the time servicing began. The Jessens plead no facts suggesting ENT was collecting on behalf of another, that ENT acquired the loan after default, or that its role was anything other than originating lender and creditor.

The § 1692e theory fails for the same reasons and for an additional one. The Jessens do not identify a single "collection-related communication" by date, sender, recipient, medium, or content. They do not describe what was said, why it was false, or how it misrepresented the "character, amount, or legal status" of any debt. Bare recitals of statutory elements are insufficient; Rule 8 requires factual allegations that, if true, would plausibly show an FDCPA violation by a "debt collector." Here, the only well-pled facts—and the Note itself—establish that ENT was the originating creditor on the very loan at issue, placing ENT outside the FDCPA's scope.

Because ENT originated and serviced its own loan and because the Jessens plead no facts taking ENT within the FDCPA's definition of a "debt collector," the Third Claim for Relief fails as a matter of law. Accordingly, the Court should dismiss the FDCPA claim under Rule 12(b)(6).

**D. The Jessens' "lack of lending authority" theory should be dismissed because the cited statutes do not apply to state-chartered credit unions and provide no private right of action.**

6

The Jessens contend that ENT lacked authority to originate their loan under various federal statutes, including 12 U.S.C. §§ 24, 1813, 1430, 7 U.S.C. § 1922, and Federal Reserve Regulation D.  *See* Complaint ¶¶ 12–15.  This theory fails as a matter of law.

The cited provisions regulate national banks, FDIC-insured institutions, Federal Home Loan Banks, and USDA farm loan programs—not state-chartered credit unions.  Section 1922, in particular, authorizes the Secretary of Agriculture to make or guarantee farm ownership and operating loans under federal rural development programs; it does not restrict or confer lending authority on private lenders or credit unions.  Regulation D governs reserve requirements and deposit account classifications, not lending authority.  None of these provisions limits or applies to Colorado-chartered credit unions like ENT, which are expressly authorized under state law to make loans to their members.  *See* C.R.S. § 11-30-104(1)(b).

Equally important, none of the cited statutes creates a private right of action; enforcement lies exclusively with federal regulators.  Borrowers cannot invoke them to challenge a valid state-authorized loan.  Because these statutes neither apply to ENT nor confer any enforceable rights to the Jessens, their "lack of lending authority" theory fails to state a claim and should be dismissed.

> **E. The Fourth Claim for Relief alleging "clouded title" should be dismissed because ENT had authority to originate the loan, securitization does not affect title, and the Jessens fail to plead any facts showing a cognizable title defect under Colorado law.**

The Jessens claim that the deed of trust on their home is invalid and that title is clouded because ENT (1) lacked authority to originate the loan and (2) securitized the note.  Complaint ¶¶ 15, 19–22, 32.  Neither contention states a valid claim.

The "lack of authority" theory misreads federal banking statutes.  The provisions they cite—12 U.S.C. §§ 24, 1813, and 1430—govern national banks and other federally chartered

institutions, not state-chartered credit unions. ENT is a Colorado-chartered credit union authorized by C.R.S. § 11-30-104(1)(b) to make loans to its members, including real estate loans. Nothing in federal law restricts that authority or provides a private right of action to challenge it.

Their securitization theory fails for the same reason courts have consistently rejected it: securitization of a note does not invalidate the deed of trust, affect the borrower's repayment obligations, or cloud title. *See Ladouceur v. Wells Fargo, N.A.*, 682 F. App'x 649, 652 (10th Cir. 2017); *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749–50 (6th Cir. 2014).

Nor do the Jessens allege any facts showing a defect in title under Colorado law. A "cloud" requires a knowingly false or unjustified filing that impairs ownership. *Mbaku v. Bank of Am.*, 628 F. App'x 968, 977 (10th Cir. 2015); *People v. Marston*, 772 P.2d 615, 617 (Colo. 1989). The deed of trust, attached hereto as **Exhibit B**, was executed by the Jessens themselves and accurately reflected their voluntary grant of a lien. The Jessens identify no competing claimant, defective recording, or wrongful filing.

Because the "clouded title" claim rests entirely on meritless theories of lending authority and securitization, it fails to state a claim and should be dismissed with prejudice.

**F.  The Jessens lack standing to challenge the securitization or assignment of their loan.**

In their Complaint, the Jessens allege that ENT "did not own or have authority to enforce" their mortgage loan and that securitization or transfer of the note extinguished ENT's interest. Complaint ¶¶ 19–20. These allegations rest on the mistaken premise that assignment or securitization eliminates the lender's enforcement rights.

To establish standing, a plaintiff must allege an injury that is concrete, particularized, and fairly traceable to the defendant's conduct. *Horne v. Flores*, 557 U.S. 433, 434 (2009). The

8

Jessens allege no foreclosure, loss of title, or other harm arising from the alleged securitization, administrative acts that do not affect a borrower's repayment obligations or cloud title. Without any concrete injury, they lack standing to pursue these claims.

Borrowers also have no legal interest in or right to challenge the transfer or securitization of their loan documents. Their relationship is defined solely by the note and deed of trust they executed, regardless of who holds or services the loan. The Tenth Circuit has confirmed that borrowers "are not parties to the securitization assignments and have not stated any plausible claim to relief arising out of the assignment of the loan documents." *Ladouceur v. Wells Fargo, N.A.*, 682 F. App'x 649, 652 (10th Cir. 2017) (citing *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014)).

Because the Jessens identify no injury and no legally protectable interest affected by the securitization or transfer of their loan, these claims fail for lack of standing and should be dismissed.

**G. The Jessens lack standing to assert a constitutional "taking" claim.**

The Jessens' Complaint references a "de facto" taking of private property under the Fifth Amendment and the Enclave Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 17. *See* Complaint, ¶ 2. Neither provision affords them a cause of action against ENT.

The Takings Clause, found in the Fifth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. By its terms, it limits only governmental action. It does not apply to the conduct of private parties, and the Jessens allege no facts suggesting that ENT, a state-chartered credit union, was acting under the authority of any governmental body. ENT's role was that of a private lender in a commercial loan

9

transaction.  The exercise of ordinary contractual rights under a deed of trust, even if contested, is not governmental action and cannot give rise to a takings claim.

Likewise, Article I, Section 8, Clause 17, the so-called "Enclave Clause," grants Congress exclusive legislative jurisdiction over the District of Columbia and over lands ceded by the states for specific federal purposes such as forts, arsenals, and dockyards.  U.S. Const. art. I, § 8, cl. 17. Its function is to establish federal jurisdiction over those limited areas.  *See id*.  It does not govern private lending transactions, does not apply to real property in Colorado, and provides no basis for the Jessens' claims.  *See S.R.A., Inc. v. Minnesota*, 327 U.S. 558, 562–63 (1946) (Enclave Clause concerns federal jurisdiction over designated lands ceded by states).

Because neither the Fifth Amendment's Takings Clause nor the Enclave Clause applies to a private credit union's lending activity, the Jessens lack standing to pursue any constitutional "taking" theory.  The Court should therefore dismiss this claim with prejudice under Rule 12(b)(6).

**H. The claims against Defendant Sara McKinney or Defendant Dan Leclerc must be dismissed because the Jessens fail to allege any personal misconduct.**

The Complaint names Sara McKinney, ENT's registered agent ("McKinney"), and Dan Leclerc, ENT's Chief Financial Officer ("Leclerc"), as defendants.  The entirety of the allegations concerning them consists of three brief references: (1) a conclusory statement in the opening paragraph that this action challenges an "unlawful encroachment and attempted unjust taking of private land by Defendants Ent Credit Union, Dan Leclerc (serving as Chief Financial Officer), and Sara McKinney (serving as Registered Agent of record)" (Complaint, ¶ 1); (2) the identification of McKinney as ENT's registered agent (Complaint, ¶ 9); and (3) the identification of Leclerc as ENT's Chief Financial Officer (Complaint, ¶ 10).  Other than listing their names and

10

corporate roles, the Complaint contains no factual allegations of any personal act or omission by either McKinney or Leclerc.

The Federal Rules of Civil Procedure require more. Rule 8(a)(2) mandates that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." This obligation applies to each named defendant individually. A plaintiff must allege facts which, if true, establish that the particular defendant engaged in conduct giving rise to liability. It is not enough to simply identify a person by job title or list them as a defendant without describing what they allegedly did.

Here, the Jessens fail to meet that requirement. A registered agent's role is limited to the receipt of service of process on behalf of the entity. That role creates no substantive duty to borrowers and no personal liability for the actions of the institution. Similarly, a corporate officer such as a Chief Financial Officer carries out responsibilities in a representative capacity for the entity. The Complaint repeatedly refers to 'Defendants' collectively but alleges no agency relationship or factual basis to impute liability among them. Absent factual allegations that an officer personally participated in the alleged misconduct, there is no basis to impose individual liability for the acts of the credit union.

Just as importantly, the statutory causes of action the Jessens invoke, including their claims under the Truth in Lending Act, RESPA, and the FDCPA, regulate creditors and servicers as entities. They do not create personal liability for registered agents or officers who are not alleged to have taken independent actions giving rise to a violation. The Jessens' pleading makes no effort to connect McKinney or Leclerc to the origination, servicing, or collection of their loan.

Because the Jessens have not alleged any facts establishing that McKinney or Leclerc engaged in misconduct, and because their involvement is limited to their official roles on behalf of ENT, they have been improperly named as defendants. ENT is the only proper party. The Court should therefore dismiss all claims asserted against Defendants Sara McKinney and Dan Leclerc.

### I. The Jessens' tort-based theories are barred by the economic loss rule.

To the extent the Jessens attempt to frame their allegations as tort claims—for example, claims of "false representation," "unlawful taking," or "clouded title"—those claims are barred by Colorado's economic loss rule. The rule prevents recovery in tort for purely economic losses arising from duties imposed by contract rather than by law. *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1266 (Colo. 2000).

All of the Jessens' alleged injuries arise from the loan transaction governed by the promissory note and deed of trust. ENT's duties to the Jessens are defined by those instruments and applicable lending statutes, not by any independent common-law duty. Because the Jessens allege no physical harm, property damage, or violation of an independent legal duty, their tort theories are barred. The Court should therefore dismiss any tort-based claims under the economic loss rule.

### J. The Jessens' request for a "recall" of all loan proceeds is not a cognizable claim for rescission or restitution.

Plaintiffs seek a "recall of all receivables, securities, rents, proceeds, and interest related to the original consumer credit transaction." Complaint, Section VI(e). Although couched in vague terms, this appears to be an attempt to rescind their mortgage loan. This is not a recognized legal

12

remedy and does not invoke the limited right of rescission provided under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635.

The Truth in Lending Act ("TILA") grants borrowers a limited right to rescind certain consumer credit transactions secured by their principal dwelling. 15 U.S.C. § 1635(a). However, § 1635(e)(1) expressly excludes a residential mortgage transaction from the right of rescission. Because the Jessens' loan was a purchase-money mortgage on their principal residence, it falls squarely within this statutory exemption. *See* Complaint, ¶ 11.

Even if § 1635 applied, the rescission period is strictly limited to three business days after consummation or after delivery of the required disclosures, whichever is later. 15 U.S.C. § 1635(a), (f). The Jessens do not allege that they ever provided notice of rescission or that ENT failed to deliver the required TILA disclosures. Instead, they seek wholesale cancellation of the transaction and disgorgement of all related proceeds—a remedy that far exceeds the scope of § 1635 and is unsupported by any factual allegations.

Because their loan is statutorily exempt from rescission and because they fail to allege compliance with the procedures or timing required under § 1635, the Jessens' demand for a "recall" of loan proceeds fails to state a claim and should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, all of Plaintiffs' claims fail as a matter of law. The Complaint identifies no actionable disclosure violation, statutory cause of action, or cognizable injury. The undisputed Loan Documents confirm that ENT Credit Union originated and serviced the Jessens' mortgage loan in compliance with applicable law, and none of Plaintiffs' theories provide a legal basis for relief. Accordingly, the Court should dismiss the Jessens' Complaint with prejudice.

ENT Credit Union is also entitled to recover its reasonable attorneys' fees and costs incurred in protecting its interests in the Property and enforcing its rights under the Deed of Trust, which expressly provides for payment of such fees. *See* Deed of Trust, ¶ 9.

WHEREFORE, Defendants Ent Credit Union, Sara McKinney, Registered Agent for Ent Credit Union, and Dan Leclerc, Chief Financial Officer of Ent Credit Union respectfully request that the Court dismiss all claims asserted against them with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), award Defendants their attorneys' fees and costs as provided under the Loan Documents and by law, and grant such further relief as the Court deems proper.

DATED this 3rd day of October, 2025.

*s/ Drew P. Fein*
Drew P. Fein, Colo. Atty. Reg. No. 48950
Brown Dunning Walker Fein Drusch PC
7995 E. Prentice Avenue, Suite 101E
Greenwood Village, CO 80111
Phone: 303-329-3363
Email: dfein@bdwfd.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2025, a true and accurate copy of the foregoing was filed and served via U.S. Mail, with a courtesy copy by email, to the following:

Todd Erling Jessen
1867 Senecio Drive
Larkspur, CO 80118
toddjessen@gmail.com

April Katharine Jessen
1867 Senecio Drive
Larkspur, CO 80118

*s/ Jeni L. Mellott*
Jeni L. Mellott
